IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXIO

JAVIER BALDERAMA,

    Plaintiff,

v.                                                                                                                 No. 1:24-cv-00084-KK

SHANNON BULMAN, in her official capacity, and
BETINA G. MCCRACKEN, in her official capacity,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* AND
DENYING MOTION FOR APPOINTMENT OF COUNSEL**

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Motion to Proceed In Forma Pauperis, Doc. 4, filed January 29, 2024, and Plaintiff's Motion for the Court to Appoint an Attorney for Plaintiff, Doc. 5, filed January 29, 2024.

**Application to Proceed *in forma pauperis***

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "The statute [allowing a litigant to proceed *in forma pauperis*] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de*

*Nemours & Co.,* 335 U.S. 331, 344 (1948).  While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court grants Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs.  Plaintiff signed an affidavit stating he is unable to pay the costs of these proceedings and provided the following information: (i) Plaintiff's average monthly income during the past 12 months is $400.00; (ii) Plaintiff's monthly expenses total $414.20; (iii) Plaintiff has two children who rely on him for support; (iv) Plaintiff has $280.31 in a bank account; and (v) Plaintiff does not have a job and lives in a shelter.  The Court finds that Plaintiff is unable to pay the costs of this proceeding because Plaintiff signed an affidavit stating he is unable to pay the costs of these proceedings and because his monthly expenses exceed his low monthly income.

**Motion to Appoint Counsel**

Plaintiff's Motion to appoint counsel states in its entirety:

{1}   Mr. Javier Balderama, plaintiff, requests that the Court appoint an attorney for plaintiff for the following reasons:

{2}   The plaintiff is indigent and cannot afford a lawyer;

{3}   Pitting an indigent foreign national against several lawyers supported by the State does not seem like a fundamentally fair process.

Motion to Appoint Counsel at 1.

"[C]ivil litigants have no right to counsel." *Witmer v. Grady County Jail*, 483 Fed.Appx. 458, 462 (10th Cir. 2012).  The decision to appoint counsel is left to the "extremely broad" discretion of the district court. *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992).  While courts have authority to "*request* an attorney to represent a litigant who is

proceeding in forma pauperis," *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006) (emphasis added), the Court cannot "*require* an unwilling attorney to represent an indigent litigant in a civil case," *Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 298 (1989) (emphasis added). Congress has not provided any mechanism, process, or funds to pay appointed counsel. *See* 28 U.S.C. § 1915(e)(1). Thus, the Court not only considers the benefits of having a represented plaintiff, but also must consider the hardship imposed on an attorney who is appointed to serve without remuneration or compensation, as well as without assurance that he or she would have funds available to assist in the investigation of claims, conduct formal discovery, retain experts, pay witness fees, or otherwise defray the costs of litigation. Plaintiff has not cited, and the Court has not found, any legal authority which would allow the Court to appoint counsel in this case.

The Court denies Plaintiff's motion to appoint counsel. The Court refers Plaintiff to the District of New Mexico's Guide for Pro Se Litigants (October 2022) which, on page 6, lists resources for legal representation.

**IT IS ORDERED** that:

(i) Plaintiff's Motion to Proceed In Forma Pauperis, Doc. 4, filed January 29, 2024, is **GRANTED.**

(ii) Plaintiff's Motion for the Court to Appoint an Attorney for Plaintiff, Doc. 5, filed January 29, 2024, is **DENIED.**

_____
**KIRTAN KHALSA**
**UNITED STATES MAGISTRATE JUDGE**