IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXIO

JAVIER BALDERAMA,

      Plaintiff,

v.                                                                    No. 1:24-cv-00084-KK

SHANNON BULMAN, in her official capacity, and
BETINA G. MCCRACKEN,

      Defendants.

## NOTICE AND ORDER TO SHOW CAUSE

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Second Amended Complaint and Request for Declaratory and Injunctive Relief Pursuant to 28 U.S.C. § 2201(a) and 42 U.S.C. § 1983, Doc. 10, filed May 9, 2024 ("Second Amended Complaint").

**Notice**

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov. The Court previously notified Plaintiff of his responsibility to become familiar with and to comply with the Federal and Local Rules of Civil Procedure. *See* Doc. 6, filed in *Balderama v. Bulman*, No. 1:21-cv-01037-JB-JFR.

Plaintiff filed his original Complaint on January 26, 2024, and an Amended Complaint on May 2, 2024. *See* Doc. 1; Doc. 8. Rule 15 of the Federal Rules of Civil Procedure allows a

party to "amend its pleading once as a matter of course [under certain conditions]." Fed. R. Civ. P. 15(a)(1).  "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2). Plaintiff improperly filed his Second Amended Complaint because he did not obtain permission from the Court to file his Second Amended Complaint.

Furthermore, argument, legal or otherwise, such as directing the Court to consider facts is not appropriate for a complaint.  *See*, *for example*, Second Amended Complaint at 9-10, ¶ 35; at 11-12, ¶ 37-39. "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Failure to comply with Court Orders and the Federal and Local Rules of Civil Procedure interferes with the judicial process and may result in monetary and non-monetary sanctions including filing restrictions and dismissal of this case.  *See* Fed. R. Civ. P. 11(c); *see also Olsen v. Mapes*, 333 F.3d 1199, 1204 (10th Cir. 2003) ("Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss an action with prejudice if the plaintiff fails to comply with [the Federal Rules of Civil Procedure] or any order of court").

**Second Amended Complaint**

Plaintiff "is an undocumented noncitizen . . . who is a party to a domestic case" in state court.  Second Amended Complaint at 2, ¶ 5; at 18, ¶ 76.  Defendant Bulman is the state-court judge presiding over the child support case.  Second Amended Complaint at 13, ¶ 43; at 18, ¶ 77. Defendant McCracken "is the Acting Director for the New Mexico Human Services Department, Child Support Enforcement Division" ("CSED").  Second Amended Complaint at 18, ¶ 78.

Plaintiff asserts three causes of action: (i) "First Cause of Action – Supremacy Clause;" (ii) "Second Cause of Action – 1st and 14th Amendments;" and (iii) "Third Cause of Action – Enforcement."  Second Amended Complaint at 18, ¶ 79; at 21, ¶ 93; at 29, ¶ 117.  Plaintiff seeks declaratory judgments and prospective injunctive relief.  *See* Second Amended Complaint at 30-31, ¶¶ 122-129.

**First Cause of Action – Supremacy Clause**

Plaintiff states any court order requiring an undocumented noncitizen to find employment is a violation of the Supremacy Clause because the Immigration Reform and Control Act ("IRCA") preempts Judge Bulman's order that Plaintiff find employment.  *See* Second Amended Complaint at 4-5, ¶¶ 20-25.  The portion of IRCA cited by Plaintiff states:

> **(a) Making employment of unauthorized aliens unlawful**
>
> **(1) In general**
>
> It is unlawful for a person or other entity—
>
>> **(A)** to hire, or to recruit or refer for a fee, for employment in the United States an alien knowing the alien is an unauthorized alien (as defined in subsection (h)(3)) with respect to such employment, or
>>
>> ….
>
> **(2) Continuing employment**
> It is unlawful for a person or other entity, after hiring an alien for employment in accordance with paragraph (1), to continue to employ the alien in the United States knowing the alien is (or has become) an unauthorized alien with respect to such employment.

8 U.S.C. 1324a(a)(1)(A), (a)(2).

Plaintiff seeks a declaration that:

> it is a violation of the Supremacy Clause and the Immigration Reform and Control Act for a state government representative acting under the color of law to order illegal aliens to find employment or to threaten to use state power to punish an illegal alien for failing to find employment, or for failure to obtain money from employment.

Second Amended Complaint at 30, ¶ 123.  If declaratory relief is not available, Plaintiff asks the Court to "order New Mexico courts to stop ordering illegal immigrants to find employment." Second Amended Complaint at 30, ¶ 124.

> Plaintiff has not shown that he is entitled to the requested declaratory or injunctive relief:
>
> "the Supremacy Clause is not the 'source of any federal rights,'" and held that the Clause "certainly does not create a cause of action." *Id.* at 1383 (quoting *Golden State Transit Corp. v. City of Los Angeles*, 493 U.S. 103, 107, 110 S.Ct. 444, 107 L.Ed.2d 420 (1989)). The Clause "instructs courts what to do when state and federal law clash, but is silent regarding who may enforce federal laws in court, and in what circumstances they may do so." *Id*. The Supremacy Clause does not "give *affected* parties a constitutional (and hence congressionally unalterable) *right to enforce federal law* against the States." *Id*. (emphasis added).

*Safe Streets Alliance v. Hickenlooper*, 859 F.3d 865, 900 (10th Cir. 2017) (quoting *Armstrong v. Exceptional Child Center, Inc.*, 575 U.S. 320 (2015) (footnote omitted)).  Furthermore, Plaintiff has not shown that there is an ongoing violation of federal law.  *See Chilcoat v. San Juan County*, 41 F.4th 1196, 1213-14 (10th Cir. 2022) (the *Ex parte Young* doctrine provides an exception to a state official's Eleventh Amendment immunity "for plaintiffs who (1) allege "an ongoing violation of federal law" and (2) "seek[ ] relief properly characterized as prospective") (quoting *Williams v. Utah Dep't of Corr.*, 928 F.3d 1209, 1214 (10th Cir. 2019) (quoting *Verizon Md. Inc. v. Pub. Serv. Comm'n*, 535 U.S. 635, 645, 122 S.Ct. 1753, 152 L.Ed.2d 871 (2002))).  The New Mexico Court of Appeals considered Plaintiff's argument that the requirement from the district court that he find work violates the Immigration Reform and Control Act stating:

> Father misconstrues IRCA. Under IRCA, it is unlawful for an employer to knowingly employ an "unauthorized alien," which is a noncitizen or nonnational who is not authorized to work based on IRCA's requirements. 8 U.S.C. §§ 1101(a)(3); 1324a(1)(A), (h)(3). Employers who violate IRCA may face civil fines and criminal prosecution. 8 U.S.C. § 1324a(f),(g). ICRA does not subject unauthorized aliens who seek or obtain employment in the United States to criminal or civil sanctions. An unauthorized alien who works without authorization may be subject to criminal prosecution only if he knowingly uses

4

> forged, counterfeit, altered or falsely-made documents to obtain employment. 8 U.S.C. § 1324c(a); 18 U.S.C. § 1546(a). Thus, an unauthorized alien can work in the United States without risk of criminal punishment, even if such employment is inconsistent with the employer's restrictions under federal immigration law.

*Langarcia v. Balderama*, 2021 WL 4480901 *3 (N.M. Ct. App. 2021).

**Second Cause of Action – 1st and 14th Amendments**

Plaintiff states that "Judge Bulman has threatened to jail Plaintiff for making" the argument that "the IRCA preempts ordering undocumented noncitizens to find employment." Second Amended Complaint at 21-22, ¶¶ 95-96.  Plaintiff concludes that "Judge Bulman chilled Plaintiff's speech in violations of his First and 14th Amendment rights – Plaintiff has a right to defend himself."  Second Amended Complaint at 27, ¶ 110.

Plaintiff seeks a declaration that:

> it is a First Amendment violation of free speech and a 14th Amendment violation of Due Process to rule that a person is operating in bad faith for stating his opinion on a question of law for the purpose of defending himself in a court of law . . . [and] to rule that Plaintiff is operating in bad faith for stating the opinion, as part of his legal defense, that the IRCA prohibits state courts ordering undocumented immigrants to find employment.

Second Amended Complaint at 30, ¶ 125-126.  If declaratory relief is not available, Plaintiff asks the Court to "order New Mexico State Court judges to stop threatening people for presenting opinions about legal questions in court."  Second Amended Complaint at 30, ¶ 127.

Plaintiff has not shown that he is entitled to the requested declaratory judgment and injunctive relief.  Plaintiff has not demonstrated that New Mexico State Court judges cannot regulate Plaintiff's speech during court proceedings.

> the First Amendment generally shields "insulting, and even outrageous, speech[.]" *Snyder*, 562 U.S. at 458, 131 S.Ct. 1207 (quoting *Boos v. Barry*, 485 U.S. 312, 322, 108 S.Ct. 1157, 99 L.Ed.2d 333 (1988)); *cf. Virginia v. Black*, 538 U.S. 343, 358, 123 S.Ct. 1536, 155 L.Ed.2d 535 (2003). At the same time, certain "historic and traditional categories" of speech receive no First Amendment protection, such

5

> as defamation, incitement, "[t]rue threats of violence," and obscenity. *Counterman v. Colorado*, 600 U.S. 66, 73–74, 143 S.Ct. 2106, 216 L.Ed.2d 775 (2023) (quotation marks omitted).
>
> In addition, even protected speech may, and sometimes must, be regulated when necessary to protect a compelling governmental interest, including the fair administration of a criminal trial. *See Sheppard*, 384 U.S. at 362–363, 86 S.Ct. 1507; *Cox v. Louisiana*, 379 U.S. 559, 563–565, 85 S.Ct. 476, 13 L.Ed.2d 487 (1965) (sustaining prohibition on picketing outside a courthouse, even though such activity is "intertwined with expression and association[,]" as necessary to protect trials from outside influence).

*United States v. Trump*, 88 F.4th 990, 1003 (D.D.C. 2023).  New Mexico state courts have the power to impose sanctions to fulfill their judicial functions:

> Inherent judicial power is the power necessary to exercise the authority of the court. It exists so that a court may perform its functions. *State ex rel. N.M. State Highway & Transp. Dep't v. Baca,* 120 N.M. 1, 4, 896 P.2d 1148, 1151 (1995). Thus, even though specific judicial authority is not delineated by statute, or stated in a rule of court, a court may exercise authority that is essential to the court's fulfilling its judicial functions. This authority embraces the ability of a court to control its docket and the proceedings before it. *State v. Ahasteen,* 1998–NMCA–158, ¶ 28, 126 N.M. 238, 968 P.2d 328 (stating that court has inherent authority "to 'supervise and control the movement of all cases on its docket from the time of filing through final disposition,' and to apply sanctions when reasonable efforts to manage the court's caseload have failed") (quoting *State v. Ericksen,* 94 N.M. 128, 131, 607 P.2d 666, 669 (Ct.App.1980)).
>
> When a court's inherent powers are invoked to regulate conduct before the court, a court should do so "'sparingly and with circumspection.'" *N.M. Right to Choose/NARAL v. Johnson,* 1999–NMSC–028, ¶ 27, 127 N.M. 654, 986 P.2d 450 (quoting *Baca,* 120 N.M. at 8, 896 P.2d at 1155).
>
> Under its inherent authority, a court may sanction parties and attorneys to ensure compliance with the proceedings of the court. *Baca,* 120 N.M. at 4, 896 P.2d at 1151; *Johnson,* 1999–NMSC–028, ¶ 27, 127 N.M. 654, 986 P.2d 450 ("[C]onduct in proceedings before a court or in defiance of a court's authority directly impacts the court's ability to perform its essential judicial functions.").

*In re Jade G.*, 2001-NMCA-058, ¶¶ 27-28; *Federal National Mortgage Assoc. v. Chiulli*, 2018-NMCA-054, ¶ 12 ("At the core of judicial authority is '[a court's] inherent power to impose a

variety of sanctions on both litigants and attorneys in order to regulate their docket, promote judicial efficiency, and deter frivolous filings'").

A vaguely worded declaration, such as that requested by Plaintiff, by this Court would improperly encroach upon the state court's jurisdiction by imposing another factor for state court judges to consider when determining whether a litigant is acting in bad faith, a determination that must be made in context with the court proceeding and must be based on facts specific to each case.[1]  It appears that the alternative remedy of Plaintiff objecting to a bad faith determination and appealing to the New Mexico Court of Appeals is a better and more effective method for remedying any perceived violations of constitutional rights during state-court proceedings.

**Third Cause of Action - Enforcement**

Plaintiff asserts: "If the CSED decides to further prosecute Plaintiff for failing to follow the Court's current or future illegal child support orders, the [Defendant McCracken] will also be committing an act in violation of the Supremacy Clause."  Second Amended Complaint at 29, ¶ 119.  Plaintiff seeks an order to:

> Preliminarily and permanently enjoin Ms. McCracken and the Child Support Enforcement Division of New Mexico – as well as their successors, officers, agents, servants, employees, attorneys, and any other persons in active concert or

---

[1] In determining whether to accept jurisdiction in a declaratory judgment action, the Court should ask:

> [1] whether a declaratory action would settle the controversy; [2] whether it would serve a useful purpose in clarifying the legal relations at issue; [3] whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to *res judicata*"; [4] whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and [5] whether there is an alternative remedy which is better or more effective.

*State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994).

>   participation with those individuals – from further prosecuting Plaintiff for failing to follow child support orders that require him to find employment as long as he is an illegal immigrant.

Second Amended Complaint at 31, ¶ 128.

Plaintiff has not shown that he is entitled to prospective injunctive relief against Defendant McCracken pursuant to *Ex parte Young* because, as discussed above, he has not shown that there is an ongoing violation of federal law. *See Chilcoat v. San Juan County*, 41 F.4th 1196, 1213-14 (10th Cir. 2022) (quoted above).

**Order to Show Cause**

The Court orders Plaintiff to show cause why the Court should not dismiss Plaintiff's declaratory judgment claims and his claims for prospective injunctive relief pursuant to *Ex parte Young*. If Plaintiff asserts the Court should not dismiss those claims, Plaintiff must file a third amended complaint. The third amended complaint must comply with the Federal and Local Rules of Civil Procedure. Legal and other arguments why the Court should not dismiss those claims should be presented in a response to this Order to Show Cause, not in the third amended complaint.

**Service on Defendants**

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). The Court will not order service of Summons and Complaint on Defendants at this time because the Court is ordering Plaintiff to file a third amended complaint. The Court will order service if Plaintiff files: (i) a third amended complaint that states a claim over which the Court has jurisdiction; and (ii) a motion for service which provides each Defendant's address.

**Compliance with Rule 11**

The Court reminds Plaintiff of his obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives. *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that Plaintiff shall, within 21 days of entry of this order: (i) show cause why the Court should not dismiss this case; and (ii) file a third amended complaint. Failure to timely show cause and file a third amended complaint may result in dismissal of this case.

*/s/ Kirtan Khalsa*
**KIRTAN KHALSA**
**UNITED STATES MAGISTRATE JUDGE**