IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXIO

JAVIER BALDERAMA,

    Plaintiff,

v.  No. 1:24-cv-00084-WJ-KK

SHANNON BULMAN, in her official capacity, and
BETINA G. MCCRACKEN, in her official capacity,

    Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

*Pro se* Plaintiff sought declaratory and injunctive relief pursuant regarding state-court proceedings and enforcement of a child support order. *See* Second Amended Complaint and Request for Declaratory and Injunctive Relief Pursuant to 28 U.S.C. § 2201(a) and 42 U.S.C. § 1983 at 2, Doc. 10, filed May 9, 2024 ("Second Amended Complaint"). United States Magistrate Judge Kirtan Khalsa notified Plaintiff of some deficiencies in the Second Amended Complaint and ordered Plaintiff to show cause why the Court should not dismiss Plaintiff's claims and to file a third amended complaint. *See* Order to Show Cause at 8, Doc. 11, filed June 12, 2024. Judge Khalsa also ordered Plaintiff to file a motion for service which provides each Defendant's address. *See* Order to Show Cause at 8.

Plaintiff filed a Third Amended Complaint and a Response to the Order to Show Cause. *See* Doc's 12-13, filed July 1, 2024. Plaintiff also filed a Motion for Service on December 13, 2024, and a Motion to Progress on June 20, 2025. *See* Doc's 14 and 16.

Plaintiff is "a citizen of Mexico residing as an undocumented noncitizen in Santa Fe, New Mexico." Third Amended Complaint at 2, ¶ 4. Defendant Bulman "is the Judge for the First District Court of New Mexico who presides over the plaintiff's domestic relations case." Third

Amended Complaint at 2, ¶ 5.  Defendant McCracken "is the Acting Director for the New Mexico Human Services Department, Child Support Enforcement Division (CSED) which oversees enforcement of child support orders."  Third Amended Complaint at 2, ¶ 7.

Plaintiff states he is subject to an ongoing child support order issued by Judge Bulman.  *See* Third Amended Complaint at 3, ¶ 17.  Plaintiff filed a motion in state court asking Judge Bulman to reconsider the child support order arguing that "it is a violation of the federal Immigration Reform and Control Act (IRCA) to order Plaintiff to find employment."  Third Amended Complaint at 6, ¶ 23; at 7, ¶ 30.  Judge Bulman denied the motion to reconsider.  *See* Third Amended Complaint at 6, ¶ 23.  Judge Bulman also "ruled that Plaintiff was acting in bad faith for making the argument in court documents that the child support order violates the IRCA."  Third Amended Complaint at 7, ¶ 31.  Plaintiff appealed.  *See* Third Amended Complaint at 6, ¶ 25.  The New Mexico Court of Appeals stated:

> As the district court noted, and our own review confirms, Father misconstrues IRCA. Under IRCA, it is unlawful for an employer to knowingly employ an "unauthorized alien," which is a noncitizen or nonnational who is not authorized to work based on IRCA's requirements. 8 U.S.C. §§ 1101(a)(3); 1324a(1)(A), (h)(3). Employers who violate IRCA may face civil fines and criminal prosecution. 8 U.S.C. § 1324a(f),(g). ICRA does not subject unauthorized aliens who seek or obtain employment in the United States to criminal or civil sanctions. An unauthorized alien who works without authorization may be subject to criminal prosecution only if he knowingly uses forged, counterfeit, altered or falsely-made documents to obtain employment. 8 U.S.C. § 1324c(a); 18 U.S.C. § 1546(a). Thus, an unauthorized alien can work in the United States without risk of criminal punishment, even if such employment is inconsistent with the employer's restrictions under federal immigration law.

*Langarcia v. Balderama*, 2021 WL 4480901 *3 ¶10, *5 ¶ 25 (N.M. Ct. App. 2021) (vacating the finding that Plaintiff "was in contempt of court for his failure to pay child support and entering an arrearage judgment," and "otherwise affirm[ing]").  The New Mexico Supreme Court denied Plaintiff's petition for certiorari on January 11, 2022.  *See* Third Amended Complaint at 6, ¶ 26.

Plaintiff seeks declaratory and prospective injunctive relief pursuant 42 U.S.C. § 1983 and the *Ex parte Young* exception to the Eleventh Amendment's guarantee of sovereign immunity to states. *See* Third Amended Complaint at 14-15. "[U]nder *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), a plaintiff may bring suit against individual state officers acting in their official capacities if the complaint alleges an ongoing violation of federal law and the plaintiff seeks prospective relief." *Levy v. Kansas Dept. of Social and Rehabilitation Services*, 789 F.3d 1164, 1169 (10th Cir. 2015).

Plaintiff seeks the following declarations:

(i) [I]t is a violation [of the] Immigration Reform and Control Act for a state government representative acting under the color of law to knowingly hire, recruit, refer, or continue to employ unauthorized workers, or to suggest, coerce, or order the employment of, unauthorized workers.

Third Amended Complaint at 17, ¶ 83.

(ii) [I]t is a violation of the First Amendment for a judge to rule that any party in private litigation is attempting to willfully avoid child support for stating a non-frivolous opinion on a question of law or fact in communications preliminary to a proposed judicial proceeding, or in the institution of or during the course and as part of, a judicial proceeding in which he participates, if the matter has some relation to the proceeding.

Third Amended Complaint at 17-18, ¶ 84.

(iii) [I]it is a violation of the Fourteenth Amendment for a judge to rule that any party in private litigation is attempting to willfully avoid child support for stating a non-frivolous opinion on a question of law or fact in communications preliminary to a proposed judicial proceeding, or in the institution of or during the course and as part of, a judicial proceeding in which he participates, if the matter has some relation to the proceeding.

Third Amended Complaint at 18, ¶ 85.

(iv) [I]mputing income according to NMSA 40-4-11.1(C), (D), and (E) is preempted by the Immigration Reform and Control Act and is unenforceable.

Third Amended Complaint at 18, ¶ 86.

>    (v)   [I]mputing income according to NMSA 40-4-11.1.(C), (D), and (E) is unconstitutionally overbroad, violates the First Amendment, and is unenforceable.
>
> Third Amended Complaint at 15-16; at 18, ¶ 88.
>
> Plaintiff seeks the following injunctive relief:
>
> {87}   Preliminarily and permanently enjoin Ms. McCracken and the Child Support Enforcement Division of New Mexico – as well as their successors, officers, agents, servants, employees, attorneys, and any other persons in active concert or participation with those individuals – from further enforcing Plaintiff's child support order or accumulating debt due to Plaintiff's child support orders.
> . . . .
>
> {89}   "Preliminarily and permanently enjoin Ms. McCracken and the Child Support Enforcement Division of New Mexico – as well as their successors, officers, agents, servants, employees, attorneys, and any other persons in active concert or participation with those individuals – from further enforcing child support orders or accumulating debt due to child support orders, that have imputed income via NMSA 40-4-11.1.(C), (D), and (E).
>
> {90}   Enjoin Ms. McCracken and the Child Support Enforcement Division of New Mexico – as well as their successors, officers, agents, servants, employees, attorneys, and any other persons in active concert or participation with those individuals to prominently display official notice on their website and in court clerk offices, in both Spanish and English, of the rulings made on these issues.

Third Amended Complaint at 18-19.

Plaintiff argues that the *Rooker-Feldman* doctrine does not bar the Court from hearing this case. *See* Response at 17, ¶ 79. The *Rooker-Feldman* doctrine:

> bars federal district courts from hearing cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). Where the relief requested would necessarily undo the state court's judgment, *Rooker-Feldman* deprives the district court of jurisdiction. *Mo's Express*, 441 F.3d at 1237.

*Velasquez v. Utah*, 775 Fed.Appx. 420, 422 (10th Cir. 2019); *Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011) ("Under [the *Rooker-Feldman*] doctrine, 'a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States

district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights'") (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994)).

Plaintiff asserts:

{81}   Furthermore, since the New Mexico Supreme Court has chosen to deny certiorari, Plaintiff is not a state court loser by the Rooker-Feldman criteria. As described in Section II of *Guttman* (*supra*), a person is a state court loser only: (1) "when the highest state court in which review is available has affirmed the judgement below and noting is left to be resolved"; (2) "if the state action has reached a point where neither party seeks further action"' or (3) "if the state court proceedings have finally resolved all the federal questions in the litigation". None of these conditions are met. Clearly, Plaintiff is seeking further action, and has raised questions that have not been resolved. To date, the New Mexico Supreme Court has not affirmed the judgement of the New Mexico Court of Appeals ruling – it has denied certiorari instead of deciding the case on its merits.

{82}   Declining to hear a case is not the same as affirming. "*See Pittsburg County Rural Water Dist. No. 7 v. City of McAlester*, 358 F.3d 694, 707 (10th Cir. 2004) (concluding that Rooker-Feldman does not bar a federal suit where a state court did not decide the federal claim on the merits)" as cited in Section II of *Guttman v. Khalsa*, 401 F.3d 1170 (10th Cir. 2005) (overruled for not denying the application of Rooker-Feldman).

Response at 18.

Plaintiff is a state-court loser under *Rooker-Feldman*. Judge Bulman denied Plaintiff's motion to reconsider the child support order in which Plaintiff argued that "it is a violation of the federal Immigration Reform and Control Act (IRCA) to order Plaintiff to find employment." Plaintiff appealed. The New Mexico Court of Appeals affirmed Judge Bulman's order. The New Mexico Supreme Court denied Plaintiff's petition for writ of certiorari.

Plaintiff's contention that he is not a state-court loser because the New Mexico Supreme Court did not affirm the Court of Appeals decision is without merit.

5

> In addition to its original appellate jurisdiction,[1] the supreme court has jurisdiction to review by writ of certiorari to the court of appeals any civil or criminal matter in which the decision of the court of appeals:
>
> > (1) is in conflict with a decision of the supreme court;
> >
> > (2) is in conflict with a decision of the court of appeals;
> >
> > (3) involves a significant question of law under the constitution of New Mexico or the United States; or
> >
> > (4) involves an issue of substantial public interest that should be determined by the supreme court.

N.M.S.A. § 24-5-14(B).  The New Mexico Supreme Court, in denying Plaintiff's petition for certiorari, allowed the New Mexico Court of Appeals decision to stand; it did not reverse the decision.  *See* Black's Law Dictionary (12th ed. 2024) (stating a petition for certiorari is a "petition seeking discretionary review from an appellate court").

Plaintiff states *Rooker-Feldman* does not bar the Court from hearing this case because "Plaintiff is requesting relief for future judgements, not past judgement."  Response at 18, ¶ 80.  Applicability of *Rooker-Feldman* is not limited to claims that directly seek to set aside state court judgments:

> Lower federal courts are not vested with appellate authority over state courts. The *Rooker-Feldman* doctrine prevents lower federal courts from exercising jurisdiction over cases brought by state court losers challenging state court judgments rendered before the district court proceedings commenced. The rationale for the doctrine is that no matter how wrong a state court judgment may be under federal law, only the Supreme Court of the United States has jurisdiction to review it.

*Sykes v. Cook Cty. Cir. Ct. Prob. Div.*, 837 F.3d 736, 741–42 (7th Cir. 2016) (citations omitted); *see also Kelley v. Med-1 Sols., LLC*, 548 F.3d 600, 603 (7th Cir. 2008) ("A state litigant seeking review of a state court judgment must follow the

---

[1] "The appellate jurisdiction of the supreme court is coextensive with the state and extends to all cases where appellate jurisdiction is not specifically vested by law in the court of appeals." N.M.S.A. § 24-5-14(A).

> appellate process through the state court system and then directly to the United States Supreme Court.") (citation omitted). The initial inquiry, then, "is whether the federal plaintiff seeks to set aside a state court judgment or whether he is, in fact, presenting an independent claim." *Taylor v. Fed. Nat'l Mortg. Ass'n*, 374 F.3d 529, 532 (7th Cir. 2004) (citation and internal quotation marks omitted). To make this determination, we ask whether the federal claims either "directly" challenge a state court judgment or are "inextricably intertwined" with one. *Id*.
>
> Claims that directly seek to set aside a state court judgment are *de facto* appeals that are barred without further analysis. *Id*. But even federal claims that were not raised in state court, or that do not on their face require review of a state court's decision, may still be subject to *Rooker-Feldman* if those claims are inextricably intertwined with a state court judgment. *Sykes*, 837 F.3d at 742 (citation omitted); *see also Feldman*, 460 U.S. at 482 n.16, 103 S.Ct. 1303. While the latter concept is a "somewhat metaphysical" one, the crucial point is whether the district court is essentially being called upon to review the state court decision. *Taylor*, 374 F.3d at 533 (citation and internal quotation marks omitted). Ultimately, the "determination hinges on whether the federal claim alleges that the injury was caused by the state court judgment, or alternatively, whether the federal claim alleges an independent prior injury that the state court failed to remedy." *Sykes*, 837 F.3d at 742; *see also Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 555 (7th Cir. 1999). If we determine that a claim is inextricably intertwined with a state court judgment—that is, that the former indirectly seeks to set aside the latter—then we must determine whether the plaintiff had a reasonable opportunity to raise the issue in state court proceedings. *Taylor*, 374 F.3d at 533 (quoting *Brokaw v. Weaver*, 305 F.3d 660, 668 (7th Cir. 2002)). If so, the claim is barred.

*Jakupovic v. Curran*, 850 F.3d 898, 902 (10th Cir. 2017). "*Rooker-Feldman* does not bar a federal court claim merely because it seeks relief inconsistent with a state court judgment. Instead, for the doctrine to apply, an element of the claim must be that the state court wrongfully entered its judgment." *Graff v. Aberdeen Enterprizes, II, Inc.*, 65 F.4th 500, 515 (10th Cir. 2023) (footnotes and citations omitted).  Plaintiff's request for injunctive and declaratory relief is inextricably intertwined with the state court judgment because Plaintiff indirectly seeks to set aside the state court judgment by enjoining the enforcement of that judgment on the ground that the state court wrongfully entered its judgment by violating the Immigration Reform and Control Act and the First and Fourteenth Amendments.  The Tenth Circuit has stated:

7

> That court also rejected plaintiff's contention that federal law preempts New Mexico's child support guidelines. Id. at 50–52. To the extent plaintiff raises issues that could be seen as distinct from those actually decided by the New Mexico Court of Appeals, we hold those issues to be "inextricably intertwined" with the underlying state court judgments and therefore barred from federal court by *Rooker–Feldman*. Plaintiff's request for prospective [declaratory][2] and injunctive relief is simply a reformulated request for a judgment that the state court violated his rights in the past. A lower federal court has no jurisdiction over such a matter. *See Kiowa Indian Tribe*, 150 F.3d at 1169.

*Garner v. Gonzales*, 167 Fed.Appx. 21, 24 (10th Cir. 2006). Plaintiff's requests for prospective declaratory and injunctive relief are essentially requests for a judgment that the state court violated Plaintiff's rights in the past.

The Court concludes that it lacks jurisdiction to hear this case pursuant to *Rooker-Feldman* because Plaintiff: (i) is a state-court loser complaining of injuries cause by a state court judgment; (ii) seeks to indirectly set aside the state court judgment; and (iii) had a reasonable opportunity to raise the issue, and did, in the state court proceedings.

The Court dismisses this case without prejudice for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.") (emphasis in original). Because it is dismissing this case, the Court denies Plaintiff's Motion for Service and Motion to Progress as moot.

**IT IS ORDERED** that:

---

[2]*See* Complaint at 2, Doc. 1, filed November 22, 2004, in *Garner v. Gonzales*, No. 1:04-cv-01314-RHS-ACT (D.N.M.).

(i)   This case is **DISMISSED without prejudice.**

(ii)  Plaintiff's Motion for Service, Doc. 14, filed December 13, 2024, is **DENIED as moot.**

(iii) Plaintiff Motion to Progress, Doc. 16, filed June 20, 2025, is **DENIED as moot.**


/s/
_____
**WILLIAM P. JOHNSON**
**SENIOR UNITED STATES DISTRICT JUDGE**